The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Shuping and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award.
***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing as:
STIPULATIONS
1. All stipulations contained in the Pre-Trial Agreement are received into evidence.
2. An employee/employer relationship existed between the plaintiff and defendant-employer at all relevant times.
3. The parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act at all relevant times.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
FINDINGS OF FACT
1. Plaintiff is a fifty-five year old male, who did not have an antecedent history of neck or significant low back problems prior to 3 April 1996. He is a high school graduate, but has not received any further formal education nor does he possess any specialized skills from his prior work experience. The majority of that prior work experience has been in maintenance work or truck driving.
2. Although plaintiff was initially hired as a cook at defendant-employer's McDonald's restaurant in January 1994, he subsequently became the premises maintenance man responsible for taking care of the stock room and freezer, unloading weekly delivery trucks and cleaning the premises inside and out. As part of those duties every morning plaintiff was required to take bags of trash from the night before out of the stock room and then mop the stock room floor to clean up leakage from the same trash bags. At approximately 7:00 a.m. on 3 April 1996, as he was preparing to mop the stock room floor plaintiff experienced an interruption of his normal work routine and the introduction thereby of unusual conditions likely to result in unexpected consequences when he slipped and fell on something on the floor and landed on his back. This fall resulted in a herniated cervical disk manifested by neck, right shoulder and arm pain; numbness or tingling in the same arm and associated muscular weakness; and an injury to his low back manifested by low back pain.
3. Plaintiff immediately advised defendant-employer of his injury and on the same date was seen by physicians at Outer Banks Medical Center. After his claim was denied, he was referred to Dr. Randall Sherman, an Elizabeth City neurosurgeon, and remains under Dr. Sherman's care. Initially Dr. Sherman attempted to treat him conservatively with restricted activity, medication and physical therapy, but because of the resulting neurologic deficit he developed from his cervical disk herniation, recommended corrective surgery involving an anterior cervical diskectomy and fusion.
4. The recommended surgery is reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated with plaintiff's incapacitating cervical disk herniation by relieving his neck and arm pain as well as the numbness and weakness in the same extremity. Therefore, defendant-employer is obligated to provide the same surgery if Dr. Sherman still recommends it at this time. Defendant-employer, however, denied liability for the involved neck and low back injury and plaintiff was not financially able to afford the surgery himself because he is uninsured.
5. At the time of hearing plaintiff had not reached maximum medical improvement or the end of the healing period from the neck and low back injuries but rather, remained in need of the neck surgery recommended by Dr. Sherman and (remains) unable to return to his regular maintenance workers job for defendant-employer.
6. The natural course of a cervical disk herniation such as the one plaintiff sustained is for the condition to wax and wane. On 10 August 1996, when there was some temporary improvement in the involved neck condition and his financial situation became desperate, plaintiff attempted to return to work for another employer, Maola Dairy, in the shipping and receiving department. However, because of his condition, plaintiff was physically unable to handle the job he attempted in the shipping and receiving department and his employment was terminated on 10 October 1996. Plaintiff has since unsuccessfully attempted to find suitable work and two weeks prior to the hearing before the Deputy Commissioner began receiving $118.00 a week in unemployment compensation benefits. Defendant-employer is entitled to a credit for this compensation against the instant award of temporary total disability benefits pursuant to provisions of N.C. Gen. Stat. § 97-42.1. The Full Commission assumes the parties can obtain the exact amount and period of unemployment compensation benefits that plaintiff has received and agree to the appropriate credit without the necessity of a further Opinion and Award or hearing.
7. As previously stated, plaintiff has not yet reached maximum medical improvement or the end of the healing period from the neck and low back injuries giving rise hereto. Rather, plaintiff remains in need of the corrective neck surgery recommended by Dr. Sherman and (remains) unable to return to his regular maintenance worker's job for defendant-employer. To the extent that plaintiff has been capable of light-duty work at any time since his 3 April 1996 injury defendant-employer has not offered plaintiff suitable work.
***********
The Full Commission adopts the findings of fact found by the Deputy Commissioner as follows:
CONCLUSIONS OF LAW
1. On 3 April 1996 plaintiff sustained an injury by accident arising out of and in the course of his employment resulting in the disabling neck and low back injuries giving rise hereto. N.C. Gen. Stat. § 97-2(6).
2. Plaintiff has not yet reached maximum medical improvement or the end of the healing period from and following the same injuries. Rather, plaintiff remains in need of the corrective neck surgery recommended by Dr. Sherman which is reasonably designed to tend to effect a cure of, provide needed relief from and/or lessen the period of disability associated with his neck injury. Therefore, defendant-employer is obligated to provide the recommended surgery unless Dr. Sherman now indicates he no longer requires it. N.C. Gen. Stat. § 97-2(18).
3. At the time of hearing plaintiff remained unable to return to his regular maintenance job and to the extent that he has been capable of alternate lighter work at any time since the involved 3 April 1996 injury defendant-employer has not provided plaintiff with suitable work.
4. Other than the period from 10 August 1996 to 17 October 1996 when plaintiff unsuccessfully attempted to return to alternate work for another employer, plaintiff was temporarily totally disabled from 3 April 1996 to the scheduled hearing date at which time he remained totally disabled. This entitles plaintiff to compensation at the rate of $144.87 per week from 3 April 1996 to the scheduled hearing date and thereafter continuing at the same rate for so long as he remains temporary totally disabled, subject to a change of condition, medical employment, as well as a credit pursuant to provisions of N.C. Gen. Stat. § 97-42.1
for the $118.00 a week in unemployment compensation benefits he began receiving two weeks prior to the hearing before the Deputy Commissioner. The Full Commission assumes that the parties can obtain and stipulate the exact amount and period of unemployment compensation benefits that plaintiff has received and agree to the appropriate credit without the necessity of a further Opinion and Award or hearing.
***********
Based on the foregoing findings of fact and conclusions of law, the Full Commission affirms the holding of the Deputy Commissioner and enters the following:
AWARD
1. Other than the period from 10 August 1996 to 17 October 1996 when he unsuccessfully attempted to return to work for another employer, defendant-employer shall pay plaintiff, on account of his temporary total disability, compensation at a rate of $144.87 per week from 3 April 1996 to the scheduled hearing date and thereafter continuing at the same rate for so long as he remains totally disabled, subject to a change of condition, medical employment, as well as a credit for the unemployment compensation benefits he began receiving approximately two weeks prior to the hearing before the Deputy Commissioner. Such compensation as has accrued hereunder shall be paid in a lump sum, without commutation, subject to a reasonable attorney's fee hereinafter approved.
2. A reasonable attorney's fee in the amount of twenty-five percent of the accrued compensation benefits due under the above award is hereby approved for plaintiff's counsel, which shall be deducted from the same award and forwarded directly thereto. For the balance of his fee defendant-employer shall forward every fourth compensation check hereafter payable under the same award.
3. To the extent the same are reasonably designed to tend to effect the cure of, provide needed relief from and/or lessen the period of disability associated therewith defendant-employer shall pay all reasonable necessary medical expenses incurred by plaintiff as a result of the injury by accident giving rise hereto, including his part thereof, the corrective neck surgery recommended by Dr. Sherman, when bills for the same are submitted in accordance with Industrial Commission rules.
4. Defendant-employer shall bear the cost, including a $300.00 expert witness fee previously awarded Dr. Sherman for his deposition testimony to the extent the same has not already been paid.
5. Any determination of whether the plaintiff is entitled to temporary partial disability benefits during the period he unsuccessfully attempted to return to work for Maola Dairy cannot be determined without the specific amount of his gross earnings there.
This ___ January 1998.
 S/ ______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
S/ ______________ THOMAS J. BOLCH COMMISSIONER
S/ ______________ CHRISTOPHER SCOTT COMMISSIONER
DCS:bjp